IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL MARCELL HEATH | : | CIVIL ACTION |
| v. | : | |
| JUAN A. PALAKOVICH, et al. | : | NO. 07-1766 |

**REPORT AND RECOMMENDATION**

THOMAS J. RUETER                                                    June 19, 2007
United States Magistrate Judge

      Presently before the court is a <u>pro se</u> petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.  Petitioner is presently incarcerated at the State Correctional Institution at Smithfield, located in Huntingdon, Pennsylvania.  For the reasons stated below, the court recommends that the petition be dismissed because it is barred by the statute of limitations.

**I.   BACKGROUND**

      On March 1, 1995, after a trial before the Honorable James A. Lineberger of the Court of Common Pleas of Philadelphia County, a jury found petitioner guilty of first-degree murder and possession of an instrument of crime.  (Criminal Information Nos. 1681-82, Sept. Term 1993).  Judge Lineberger sentenced petitioner to a mandatory term of life imprisonment.

      Petitioner appealed to the Superior Court of Pennsylvania.  On September 17, 1996, the Superior Court affirmed in an unpublished memorandum opinion.  <u>Commonwealth v. Heath</u>, 686 A.2d 1363 (Pa. Super. Ct. 1996) (table).  The Pennsylvania Supreme Court denied petitioner's request for review on February 19, 1997.  <u>Commonwealth v. Heath</u>, 690 A.2d 1161 (1997) (table).

On May 1, 1997, petitioner filed a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq. The court appointed counsel, who later filed a "no merit" letter stating that in his opinion, there were no issues of arguable merit that should be raised. On August 19, 1998, the PCRA court dismissed the petition and allowed counsel to withdraw. Petitioner filed a pro se notice of appeal. On June 18, 1993, the Superior Court dismissed the appeal for failure to file an appellate brief. Commonwealth v. Heath, No. 2960 PHL 1998 (Pa. Super. Ct. June 18, 1999).

On September 11, 2000, petitioner filed a second PCRA petition. On February 21, 2001, the PCRA court dismissed it as untimely. On April 30, 2002, the Superior Court affirmed the dismissal order. Commonwealth v. Heath, 804 A.2d 55 (Pa. Super. Ct. 2002) (table). The Supreme Court of Pennsylvania declined review on November 27, 2002. Commonwealth v. Heath, 813 A.2d 838 (2002) (table). Petitioner filed subsequent PCRA petitions in 2003, 2004 and 2006. The court dismissed each of these petitions as untimely. Petitioner did not appeal any of these dismissals.

On April 12, 2007, petitioner executed this habeas corpus petition. He raised the following three issues:

1. Six [sic] Amendment constitutional violation and violation of the (10) day federal appellant rule to show cause;

2. Denial of equal protection of the law; and

3. Denial of a fair and impartial appellant review due to governmental interferences.

(Petition ¶ 12). On June 12, 2007, the District Attorney for Philadelphia County filed a response

to the petition. The Commonwealth argues that the petition should be dismissed as untimely.[1]

## II.  DISCUSSION

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A habeas petition must be filed in a timely manner. The provision of the AEDPA relevant to the instant matter provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). See generally Fahy v. Horn, 240 F.3d 239 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Lovasz v. Vaughn, 134 F.3d 146 (3d Cir. 1998).

---

[1]  On October 25, 2006, petitioner filed a petition for a writ of habeas corpus in this court, docketed at Civil Action No. 06-4787, which is assigned to the Honorable Juan R. Sanchez. This petition has not be referred to the undersigned. The case remains open according to the court's docket report. The Commonwealth contends that the 2006 petition is also time-barred. The undersigned declines to rule on this earlier petition since it has not been referred to this court by Judge Sanchez.

Petitioner's conviction became final on May 20, 1997, ninety days after the Pennsylvania Supreme Court denied allocatur on February 19, 1997.  See Sup. Ct. R. 13; Kapral v. United States, 166 F.3d 565, 575-76 (3d Cir. 1999) (where petitioner does not seek certiorari, judgment of sentence becomes final 90 days after allocatur is denied).  Petitioner's one-year statute of limitation within which to file a federal habeas petition commenced running on that date.  Thus, petitioner had until May 20, 1998 to file his habeas petition.  Petitioner did not execute his petition until April 12, 2007 and, therefore, his petition is untimely by almost nine years.[2]

### A.     Statutory Tolling

The one-year statute of limitations is tolled during the time petitioner had pending in the state courts a properly filed PCRA petition.  See 28 U.S.C. § 2244(d)(2).

Petitioner filed a timely PCRA petition on May 1, 1997.  This was pending when petitioner's conviction became final on May 20, 1997.  Thus, it did toll the running of the statute of limitations.  The PCRA petition was no longer pending as of July 18, 1999, thirty days after the Superior Court dismissed his appeal from the denial of his PCRA petition.  See Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000) (habeas time period is tolled during thirty-day period following Superior Court's affirmance of PCRA denial, during which petitioner might have sought, but did not seek, allocatur).  On that date, the statute of limitations commenced running, and it expired one year later, on July 17, 2000.  As stated earlier, the instant petition was not

---

[2]     28 U.S.C. § 2244(d)(1)(A) provides that the statute of limitations runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  None of the other possible "start dates" listed in § 2244(d)(1)(B)(C) and (D) apply here.

executed until April 12, 2007, over six years too late.

Petitioner subsequently filed other PCRA petitions, but they did not toll the statute of limitations because they were filed after the federal filing deadline. Furthermore, because they were all dismissed by the state court as untimely, they were not properly filed and thus will not toll the running of the statute of limitations. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not "properly filed," and he is not entitled to statutory tolling under § 2244(d)(2)."

### B.    Equitable Tolling

Petitioner has not shown that the statute of limitations should be equitably tolled. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). In Miller, the court stated the following:

> [E]quitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way . . . been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Id. at 618-19 (interior quotations and citations omitted). Equitable tolling may be found only when: (1) the state has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). A "statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones, 195 F.3d at 159. Generally, attorney errors do not warrant the tolling of the habeas limitations period. See Lawrence v.

Florida, 127 S.Ct. 1079, 1085 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post conviction context where prisoners have no constitutional right to counsel.").

      Petitioner has not demonstrated that the Commonwealth of Pennsylvania misled him regarding the required date to file his habeas corpus petition.  This is not a case where petitioner timely asserted his rights in the wrong forum.  Petitioner has not shown that he has "in some extraordinary way" been prevented from filing a timely petition.

      In his habeas petition, petitioner explains that he did not testify at trial because he was "under the influence of an extreme mental disturbance, and was being medicated before and during trial for same."  Petition at reverse of 4.  However, he does not allege this prevented him from diligently pursuing his federal claims before the federal statute of limitations expired on July 17, 2000.  In fact, petitioner filed PCRA petitions in 1997, 2003, 2004 and 2006, which demonstrates that his alleged "mental disturbance" during his 1995 trial would not have prevented him from raising claims for relief in the federal courts in 1999-2000.  Therefore, petitioner is not entitled to equitable tolling of the statute of limitations.  See Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (Equitable tolling may be appropriate because of petitioner's mental illness, but only when condition made it "impossible to file a petition on time."); Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001) (mental incompetence "must somehow have affected the petitioner's ability to file a timely habeas petition"), overruled in part, Carey v. Saffold, 536 U.S. 214 (2002)

### III.   CONCLUSION

      Accordingly, for all the above reasons, the court makes the following:

**RECOMMENDATION**

AND NOW, this 19th day of June, 2007, the court respectfully recommends that the petition for a writ of habeas corpus be **DISMISSED**, and that no certificate of appealability ("COA") be granted.[3]  The court further recommends that petitioner's Motion For Stay of his petition, received by the court on June 6, 2007, be **DENIED**, since the federal petition is clearly barred by the statute of limitations.  See Rhines v. Weber, 544 U.S. 269, 277 (2005) (stay of habeas when petition contains both exhausted and unexhausted claims should be denied when unexhausted claims are plainly meritless).

BY THE COURT:


\s\ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge

---

[3]  The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further.  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).